IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES SHACKELFORD HEATING AND COOLING, LC, ) ) ) | | |
| Plaintiff, ) ) | | |
| vs. ) ) | Case No. 4:17-CV-663-ODS | |
| AT&T CORPORATION, et al., ) ) | | |
| Defendants. ) | | |

<u>ORDER AND OPINION (1) DENYING DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND STAY ACTION, AND (2) RESETTING DEADLINES FOR RULE 26
CONFERENCE AND PARTIES' JOINT PROPOSED SCHEDULING ORDER</u>

Pending is a motion filed by Defendants asking the Court to compel arbitration. Doc. #14. For the following reasons, Defendants' motion is denied.

I. BACKGROUND[1]

Plaintiff James Shackelford Heating and Cooling, L.C., is a heating, ventilation, and air-conditioning (HVAC) installation and repair business. Since its inception in 1998, Plaintiff had the same landline phone number ("landline"), which was provided by Defendants AT&T Corporation, AT&T Mobility LLC, and AT&T Mobility II LLC. In July 2011, Plaintiff moved its shop location, and asked Defendants to relocate its landline. Defendants initially informed Plaintiff the landline could be relocated. But after Plaintiff relocated, Defendants explained to Plaintiff the landline could not be relocated. Defendants offered to have Plaintiff's landline ported to a cell phone number, meaning when calls were made to the landline, the call would be received at the cell phone number. According to the parties' briefing on the pending motion, Defendants ported Plaintiff's landline to a personal cell phone number acquired by Plaintiff's sole member, agent, and employee, James Shackelford. Shackelford acquired cell service for his personal cell phone number from AT&T Mobility LLC beginning in or about June 2010.

---

[1] Unless otherwise noted, the facts contained in the background section are taken from Plaintiff's Petition. Doc. #1-1.

Relevant to the pending motion, Shackelford agreed, according to Defendants, to arbitrate disputes arising from his cell service.

After the landline was ported in July 2011, Plaintiff alleges it experienced "an immediate drop in call volume," and "repeatedly contacted Defendants to ensure there was no problem with the ported line." Plaintiff was assured by Defendants there was no issue, and the ported landline was working as expected. According to Plaintiff, its call volume never increased to the previous level, even though it was assured by Defendants that there was no issue with Plaintiff's ported landline.

According to Plaintiff's response to the pending motion, Shackelford encountered one of Plaintiff's former clients in 2014. The former client asked Shackelford why Plaintiff closed its business. Shackelford informed the former client that Plaintiff did not close. The former client informed Shackelford that any attempt to call Plaintiff's landline resulted in an automated notification stating the landline was no longer active, and offering to connect he caller with other HVAC businesses. Shackelford went to the client's home where Shackelford called Plaintiff's landline from the client's phone. Shackelford received the recording explained by the former client.

On February 22, 2017, Plaintiff filed suit against Defendants in the Circuit Court of Jackson County, Missouri, alleging claims of breach of contract, tortious interference with business expectancy, negligence, and failure to deliver calls pursuant to section 392.130.1 of the Missouri Revised Statutes. After Defendants were served in July 2017, they removed the matter to this Court in August 2017. After obtaining extensions of time to respond to Plaintiff's Petition, on October 4, 2017, Defendants filed a motion to compel arbitration and stay action, which is now ripe for the Court's consideration.

## II. STANDARD

Whether parties agreed to arbitrate disputes is a question for judicial determination. *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 740-41 (8th Cir. 2014) (citation omitted). The Federal Arbitration Act does not set forth the standard a district court should apply when considering a motion to compel arbitration. *Id.* at 741-42 (citation omitted). Courts that have addressed the issue have applied a summary judgment standard, particularly when the parties rely upon matters outside the pleadings. *See Meierhenry Sargent LLP v. Williams*, No. 16-4180, 2017 WL 1653312,

at *3 (D. S.D. May 1, 2017) (collecting cases). Neither party establishes what standard is applicable here. But both sides rely upon at least one matter outside the pleadings – to wit, the agreement between Shackelford and AT&T. Given the parties' reliance on matters outside the pleadings and other courts' application of a summary judgment standard under similar circumstances, the Court will apply a summary judgment standard, resolving all factual disputes in the non-moving party's favor. *See Neb. Mach. Co.*, 762 F.3d at 742; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986).

### III. DISCUSSION

Under the Federal Arbitration Act, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004); *see also Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 380 F.3d 1084, 1098-99 (8th Cir. 2004). This is because arbitration is a matter of consent. Absent an enforceable agreement to arbitrate a particular dispute, neither party can compel arbitration of that dispute. *See Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 911 (8th Cir. 2010) (quoting *Berkley v. Dillard's Inc.,* 450 F.3d 775, 777 (8th Cir. 2006)); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300 (2010). State law must be applied to determine if a binding agreement exists. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009); *Bank of Am.*, 618 F.3d at 911. "[T]raditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." *Bank of Am.*, 618 F.3d at 911 (citation omitted).

Defendants do not maintain Plaintiff was a signatory to a written agreement to arbitrate. However, as part of his personal cell phone service contract with AT&T executed in June 2010, Shackelford purportedly agreed to arbitrate claims arising from that contract. Although Plaintiff was not a signatory to that agreement, Defendants argue Plaintiff is a third-party beneficiary to the agreement. Thus, according to Defendants, Plaintiff is required to arbitrate the claims in this lawsuit.

3

The arbitration clause states "AT&T and you agree to arbitrate all disputes and claims between us," including "claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory." Doc. #14-1, at 31. Claims arising before or after the agreement are also subject to arbitration. *Id.* The arbitration agreement defines "AT&T" and "you" to include "respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors, and assigns, as well as all authorized or unauthorized users or beneficiaries of services…under this or prior Agreements between" Shackelford and AT&T. *Id.*

A signatory to an agreement seeking to arbitrate with a non-signatory to the agreement must establish one of the following theories: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel. *Reid v. Doe Run Resources Corp.*, 701 F.3d 840, 846 (8th Cir. 2012) (citations omitted). "Missouri recognizes an estoppel theory where the party must directly benefit from the contract." *Id.* (citing *Nitro Distrib. v. Dunn*, 194 S.W.3d 339, 348 (Mo. banc 2006)).

Defendants maintain Plaintiff is a third-party beneficiary to Shackelford's cell phone service agreement. However, simply being a third-party beneficiary is not sufficient to bind a non-signatory to an arbitration agreement. *Cent. Tr. Bank v. Graves*, 495 S.W.3d 797, 03 (Mo. Ct. App. 2016) (emphasis in original) (citations omitted). To bind a third-party beneficiary, "the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member." *Nitro Distrib.*, 194 S.W.3d at 345 (citation omitted). When the contract does not contain an express declaration of intent to bind a third-party beneficiary, "there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." *Id.* (citation omitted). The Missouri Supreme Court determined "a mere incidental benefit to the third party is insufficient to bind that party." *Id.* (citation omitted).

Defendants argue the arbitration agreement clearly expresses intent to bind Plaintiff to arbitrate disputes because Plaintiff was a "user" or "beneficiary" of Shackelford's cell phone service. In support of this argument, Defendants cite an Eastern District of Missouri case, *Solis v. AT&T Mobility LLC*, No. 15-CV-1343, 2015 WL 6739141 (E.D. Mo. Nov. 3, 2015). In *Solis*, the Court found a non-signatory to AT&T's arbitration agreement was bound because the non-signatory was a third-party

4

beneficiary to the signatory's cell phone service contract. *Id.* at *1-2. Significantly, the non-signatory personally used the signatory's cell phone services, and had a cell phone number on the signatory's cell phone contract. *Id.* at *1. Further, AT&T was obligated to provide cell phone service to the non-signatory's cell phone number unless the cell phone number was suspended or terminated. *Id.* at *2. The matter before this Court differs from *Solis*. Here, Plaintiff did not have a telephone line included as part of or charged to Shackelford's cell phone contract. Additionally, Plaintiff's use of Shackelford's cell phone service was limited to calls received by Shackelford as a result of Defendants porting Plaintiff's landline to Shackelford's cell phone number.

Moreover, the arbitration agreement does "not clearly express intent to benefit" Plaintiff, and therefore, Plaintiff cannot be bound to arbitrate. *Nitro Distrib.*, 194 S.W.3d at 345 (citation omitted). To the extent Plaintiff is a "beneficiary" or "user," as argued by Defendants, the benefit received by Plaintiff was incidental. The incidental benefit originated from Defendants' failure to relocate Plaintiff's landline and Defendants' porting of Plaintiff's landline to an already existing cell phone number acquired by Shackelford. Thus, Plaintiff only benefitted if phone calls to its landline were forwarded to Shackelford's personal cell phone number. As the Missouri Supreme Court has held, mere incidental benefit to a third party is not sufficient to bind that third party to arbitration. *Id.* (citation omitted).

Setting aside the lack of a clearly expressed intent to bind Plaintiff, neither AT&T nor Shackelford intended to bind Plaintiff to arbitration when the cell phone service contract was executed. At that time, the parties agreed AT&T would provide cell phone service to Shackelford, and Shackelford would pay for those services. Shackelford acquired the cell phone service for his personal cell phone; he did not obtain the service on behalf of Plaintiff. And there is no evidence Shackelford was acting as an agent of Plaintiff when he acquired the cell phone service or executed the cell phone service contract. While the arbitration agreement may be enforceable against Shackelford, the Court finds the arbitration agreement is not enforceable against Plaintiff.

Even if the arbitration agreement could be enforced against Plaintiff, the arbitration agreement does not encompass Plaintiff's claims. Plaintiff's claims arise from Defendants' alleged failure to properly port its landline. Doc. #1-1. As a result of Defendants' alleged failure, Plaintiff alleges phone calls to its landline were not

forwarded or sent to Shackelford's personal cell phone number.[2]  Instead, phone calls to Plaintiff's landline were allegedly directed to a pre-recorded message, informing the caller that Plaintiff was no longer in business, and offering to connect the caller to another HVAC business.  Assuming Plaintiff's allegations are true, which the Court must do at this juncture, Plaintiff's claims arise from Defendants' actions (or inactions) with regard to Plaintiff's landline, not Shackelford's cell phone service.  Plaintiff's claims do not arise from phone calls it actually received on Shackelford's cell phone.  Thus, the arbitration agreement does not encompass Plaintiff's claims.  For this additional reason, Defendants' motion to compel arbitration is denied.

## IV. RESETTING DEADLINES

During the pendency of Defendants' motion and pursuant to the parties' request, the Court stayed the deadlines for the parties' Rule 26(f) conference and joint proposed scheduling order.  Doc. #21.  With the denial of Defendants' motion, those deadlines must be reset.  The Rule 26(f) conference shall take place on or before December 22, 2017.  The parties shall file their joint proposed scheduling order on or before January 5, 2018.  The parties are directed to the Court's August 10, 2017 Order (Doc. #4) for specifics pertaining to the Rule 26(f) conference and joint proposed scheduling order.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is denied.  The parties are directed to hold their Rule 26(f) conference by December 22, 2017, and submit their joint proposed scheduling order by January 5, 2018.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  November 21, 2017           UNITED STATES DISTRICT COURT

---

[2] Furthermore, Plaintiff's landline was ported to Shackelford's personal cell phone number only because (1) Defendants could not deliver on their promise to relocate Plaintiff's landline, and (2) Defendants suggested porting Plaintiff's landline to a cell phone number.  Thus, Plaintiff only utilized Shackelford's personal cell phone number because of Defendants' failure to deliver and suggestion.

6