IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JAMES SHACKELFORD HEATING )
AND COOLING, LC, )
)
        Plaintiff, )
) Case No. 17-00663-CV-W-ODS
vs. )
)
AT&T CORP, et al., )
)
        Defendants. )

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY

Pending is Defendants' Motion for a Stay Pending Appeal. Doc. #28. For the following reasons, the motion is granted.

### I.    BACKGROUND[1]

On November 21, 2017, the Court denied Defendants' motion to compel arbitration. Doc. #24. On December 5, 2017, Defendants, pursuant to 9 U.S.C. § 16(a)(1), filed a Notice of Appeal, appealing this Court's November 21, 2017 Order to the Eighth Circuit Court of Appeals. Doc. #26. Contemporaneously, Defendants filed the pending motion, which seeks a stay pending appeal. Doc. #28. Although Defendants' motion stated Plaintiff did not agree to the relief sought by Defendants' motion, Plaintiff did not file any opposition to the pending motion, and the time for doing so has passed. *See* L.R. 7.0(c)(2). Accordingly, Defendants' motion is ripe for consideration.

### II.    DISCUSSION

Pursuant to the Federal Arbitration Act, a party may appeal a district court's denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1). Defendants argue this

---

[1] Additional background facts are set forth in the Court's Order and Opinion dated November 21, 2017. Doc. #24.

matter should be stayed pending their appeal because this Court lacks jurisdiction during the pendency of the appeal.

The Eighth Circuit Court of Appeals has not decided whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction. But the majority of circuit courts considering the issue have decided a notice of appeal from a district court's denial of a motion to compel arbitration divests the district court of jurisdiction. *See, e.g., Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 265-66 (4th Cir. 2011) (finding the district court is divested of jurisdiction when a non-frivolous appeal under the Federal Arbitration Act is filed); *Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 214-15 (3d Cir. 2007); *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006) (same); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) (same); *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (same); *see also Wells Enters., Inc. v. Olympic Ice Cream*, No. C11-4109, 2013 WL 11256866, at *2-3 (N.D. Iowa Feb. 1, 2013). Three circuit courts have found the notice of appeal from a district court's denial of a motion to compel arbitration does not divest the district court of jurisdiction. *See Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 909-10 (5th Cir. 2011); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-op Banking Grp.,* 916 F.2d 1405, 1412 (9th Cir.1990). This Court finds the reasoning set forth by the majority of circuit courts compelling, and concludes its jurisdiction is divested by Defendants' filing of a notice of appeal. For this reason, Defendants' motion to stay is granted.

Even if the Court's jurisdiction was not divested by Defendants' filing of a notice of appeal, the Court has the inherent power to control its trial docket and stay proceedings in the interests of justice and judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990). At a minimum, a stay under these circumstances will prevent waste of resources and reduce uncertainty. Until the Eighth Circuit Court of Appeals has determined whether this Court properly denied Defendants' motion to compel arbitration, there is no reasonable justification for the

parties (as well as this Court) to dedicate additional resources to this matter.  For this additional reason, Defendants' motion to stay is granted.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to stay is granted.  This matter is stayed pending the issuance of a mandate by the Eighth Circuit Court of Appeals with regard to Defendants' pending appeal.

IT IS SO ORDERED.

DATE: December 21, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT